UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GRAHAM,<br>    Petitioner<br>v.<br>L.J. MILUSNIC,<br>    Respondent. | Case No. CV 19-9806-DOC (GJS)<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE |

Kenneth Graham ("Graham") is a federal prisoner incarcerated within this district. He filed a putative 28 U.S.C. § 2241 petition on November 15, 2019 ("Petition") that raises four claims. Ground One challenges the validity of the indictment, arguing that while Graham was convicted as an aider and abettor, the indictment "did not have a principle [*sic*]" and, further, that the jury was not instructed on aiding and abetting bases for criminal liability. Ground Two alleges that Petitioner's trial counsel provided ineffective assistance by failing to call alibi witnesses, cross-examine "known drug addicts," share witness statements with Petitioner, negotiate a plea bargain, check on a DNA warrant that had not been signed by a judge, argue "duel [*sic*] prosecution," and make any motions on Petitioner's behalf. Ground Three asserts that an enhancement imposed pursuant to

18 U.S.C. § 924(e) is invalid, because Petitioner did not have three prior violent or serious drug convictions. Finally, Ground Four asserts that Petitioner's conviction pursuant to 18 U.S.C. § 924(c) is invalid, because there was no violent predicate offense. (Petition at 3-4.)

Habeas petitions brought pursuant to Section 2241 may be subjected to the same screening requirements that apply to habeas petitions brought pursuant to 28 U.S.C. § 2254. *See* Rules 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (which permits this Court to "apply any or all of these rules" to any habeas petition), and Rule 4 of the same (which mandates that a district court dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *see also Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4); Local Rule 72-3.2 (authorizing magistrate judge to prepare for district judge proposed order for summary dismissal and proposed judgment if it plainly appears from the face of the habeas petition that the petitioner is not entitled to relief). The Court has screened the Petition and, for the following reasons, concludes that the Petition must be dismissed summarily.

## BACKGROUND

Pursuant to Rule 201 of the Federal Rules of Civil Procedure, the Court takes judicial notice of the federal dockets and filings available through the PACER system. These records show that, in a 2015 federal jury trial in Case No. 1:13-cr-00620-ELH, Graham was convicted in the United States District Court for the District of Maryland (the "Sentencing Court") of violating 18 U.S.C. §§ 1951(a), 924(c), and 922(g) (the "Conviction"). He thereafter received a sentence totalling 382 months. Graham appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the Conviction on April 4, 2016 (Case No. 15-4318).

On February 16, 2018, Graham filed a 28 U.S.C. § 2255 motion in the Sentencing Court, which he thereafter supplemented through two filings (collectively, the "Section 2255 Motion"). The Section 2255 Motion raised versions of the same claims alleged in the instant Petition as Grounds Two through Four. On October 16, 2018, the Sentencing Court found that the Section 225 Motion was untimely under the 28 U.S.C. § 2255(f) statute of limitations and denied relief.

On April 25, 2019, Graham filed a motion in the Fourth Circuit seeking leave to file a second or successive Section 2255 motion again challenging his conviction under 18 U.S.C. § 924(c) (Case No. 19-207). On August 20, 2019, the Fourth Circuit denied Graham leave to file a second or successive Section 2255 motion.

## DISCUSSION

Federal courts have an independent obligation to examine their own jurisdiction and may not entertain an action in which jurisdiction is lacking. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). For federal prisoners wishing to challenge matters related to their convictions and/or sentences, there are two statutory bases for federal court jurisdiction, 28 U.S.C. § 2241 ("Section 2241") and 28 U.S.C. § 2255 ("Section 2255").

A Section 2241 habeas petition may be filed by a federal prisoner to attack the "execution of his sentence," but not to attack its validity. *White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004); *Hernandez*, 204 F.3d at 864. A motion under Section 2255 generally is the exclusive post-appeal mechanism by which a federal prisoner may challenge the legality of his conviction or sentence. *See Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). The instant Petition does not attack the execution of Graham's sentence; instead, the four claims raised in the Petition directly attack the validity of Graham's Conviction and related sentence. Thus, Graham's present claims are required to be raised by way of Section 2255 motion rather than Section 2241

3

habeas petition.

There is, however, "one exception" to the generally exclusive nature of the Section 2255 remedy for federal prisoners who wish to challenge the validity of their convictions and/or sentences. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). Section 2255(e) contains a "savings clause" or "escape hatch," which allows a federal prisoner to seek Section 2241 relief when a Section 2255 motion is "inadequate or ineffective to test the legality of his detention." *See id.; see also Muth*, 676 F.3d at 818; *Harrison*, 519 F.3d at 956. A finding that Section 2255 is an inadequate or ineffective remedy constitutes "a narrow exception" to the rule that Section 2255 provides a federal prisoner's exclusive remedy for challenging a conviction and/or sentence. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997); *see also Ivy v. Pontesso*, 328 F.3d 1057, 1069 (9th Cir. 2003).

The Ninth Circuit has construed the "inadequate or ineffective" language of Section 2255(e) narrowly and made clear that it does not serve as a mechanism for circumventing the procedural limitations on Section 2255 motions. *See, e.g., Ivy*, 328 F.3d at 1059; *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). For example, the Section 2255 remedy is not rendered inadequate or ineffective because a petitioner's one-year limitations period has run. *Holland v. Pontesso*, No. 99-15590, 2000 WL 1170161, at *1 (Aug. 17, 2000) ("section 2255 is not inadequate or ineffective merely because Holland has missed the statute of limitations for filing a section 2255 motion"); *see also Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) (when the petitioner's Section 2255 motion was denied as untimely and he failed to appeal that ruling, he was not permitted to seek relief under Section 2241 by arguing that the timeliness ruling has been incorrect and his Section 2255 remedy was inadequate or ineffective, because a "prisoner cannot be permitted to lever his way into section 2241 by *making* his section 2255 remedy inadequate"); *Hill v. Morrison*, 359 F.3d 1089, 1092 (8th Cir. 2003); *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002). Similarly, a federal prisoner's inability to obtain appellate

certification to bring a second or successive Section 2255 motion does not render the Section 2255 remedy inadequate or ineffective. *Lorentsen*, 223 F.3d at 953; *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999). "§ 2255's remedy is not 'inadequate or ineffective' merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition." *Ivy*, 328 F.3d at 1059.

The Ninth Circuit has concluded that the Section 2255 remedy qualifies as inadequate or ineffective only "'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Harrison*, 519 F.3d at 959 (citation omitted); *see also Muth*, 676 F.3d at 819. The petitioner bears the burden of proving the inadequacy or ineffectiveness of the Section 2255 remedy. *See Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

Graham has not met that burden here, nor can he do so. He raised three of his four claims already in the Sentencing Court through his Section 2255 Motion, and on October 16, 2018, they were found to be untimely. Graham failed to appeal that ruling and it, thus, is final. Graham cannot obtain a second bite of the apple by re-raising his untimely claims in another forum simply because of the fortuity that he has been transferred to a new prison in another district.[1]

Graham asserts that the Section 2255 remedy is inadequate and ineffective for him, because his prior Section 2255 Motion was denied as untimely under the Section 2255(f) limitations period. (Petition at 5.) This argument plainly fails, because the mere fact that a procedural bar – here, the statute of limitations – precludes Section 2255 relief does not render the remedy inadequate or ineffective. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) (rejecting the argument that

---

[1] The fourth claim alleged in the Petition – the Ground One claim challenging Graham's indictment – was omitted from the Section 2255 Motion but it too would be untimely for the same reasons identified by the Sentencing Court in its October 16, 2018 Order finding the other three claims to be untimely.

5

when the limitations period of Section 2255(f) prevents a prisoner from obtaining relief under Section 2255, he may seek relief under Section 2241, because such a result "would nullify the limitations" provision); *see also Ivy*, 328 F.3d at 1059; *Lorentsen*, 223 F.3d at 953. The same conclusion follows with respect to the Fourth Circuit's recent denial of Graham's application for leave to file a second or successive Section 2255 motion. The procedural bar resulting from that denial, in itself, is not a basis for finding the Section 2255 remedy to be inadequate and ineffective in this case. *See Lorentsen*, 223 F.3d at 953; *Moore*, 185 F.3d at 1055.

Critically, Graham does not contend he is actually innocent – the lynchpin requirement in this Circuit for being allowed to seek Section 2241 relief on what effectively is a barred Section 2255 motion. Not could he do so. To establish actual innocence within the meaning of the Section 2255 savings clause, a petitioner must show, by a preponderance of the evidence, "'that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Stephens*, 464 F.3d at 898 (citation omitted); *Ivy*, 328 F.3d at 1060; *Lorentsen*, 223 F.3d at 954. The Ninth Circuit requires that factual innocence, not mere legal insufficiency, be established. *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Graham's claims do not raise any tenable assertion of factual innocence and, instead, complain only of legal defects in his indictment, in the jury instructions, in one of his convictions and his sentence enhancement, and in his counsel's performance. As Graham's claims have "nothing to do with factual innocence," *Marrero*, 682 F.3d at 1193, they cannot serve as a basis for applying the Ninth Circuit's "actual innocence" exception for invoking the Section 2255(e) savings clause.

There is no basis for finding the Section 2255 remedy to be inadequate and ineffective for Graham and that the instant Petition therefore is cognizable under Section 2241. The Section 2255 remedy was available to Graham, but he exercised it on an untimely basis, and the Fourth Circuit has declined to allow him to file a

second or successive Section 2255 motion. The Petition is an improper second or successive Section 2255 motion that this Court and all other district courts lack jurisdiction to consider, because Graham has not obtained leave from the Fourth Circuit to file it. Accordingly, Section 2241 jurisdiction is lacking and dismissal on this basis is warranted.[2]

For the foregoing reasons, IT IS ORDERED that: the Petition is DISMISSED for lack of jurisdiction; and Judgment shall be entered DISMISSING THIS ACTION WITHOUT PREJUDICE

DATED: November 20, 2019

*David O. Carter*
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court acknowledges that the transfer of civil actions to cure jurisdictional defects is permitted by 28 U.S.C. § 1631. *Hernandez*, 204 F.3d at 865 n.6. Transfer is appropriate under Section 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. *Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001). Here, the first condition is met, as this Court plainly lacks jurisdiction over the Petition, but the second and third conditions are not. If the Petition were to be transferred to the Sentencing Court, that Court would lack jurisdiction to consider it, because Graham has not obtained leave from the Fourth Circuit to bring a second or successive Section 2255 motion. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) (when a petitioner has not obtained leave to file a second or successive petition, the district court is "without jurisdiction to entertain it"). Moreover, given the Sentencing Court's 2018 finding that Graham's original Section 2255 Motion was untimely, it is readily apparent that any successive such motion also would be untimely. As a result, transfer of the Petition to the District of Maryland would be futile and not in the interest of justice, and the Court declines to order a transfer that would be futile and inappropriate.